KEITH H. RUTMAN (CSB 14175)
402 West Broadway, Ste 1560
San Diego, California 92101-8534
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
E-mail: krutman@krutmanlaw.com

Attorney for Third Party Petitioner
KEITH NESBITT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(Hon. Vince Chhabria)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-CR-00181-VC |
| Plaintiff, | |
| v. | THIRD PARTY PETITION FOR ANCILLARY PROCEEDING |
| MIN JIN ZHAO, | |
| Defendant. | COURTROOM 4, 17th FLOOR |

I, KEITH NESBITT, hereby submit this petition for an ancillary proceeding pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1) claiming an interest in the forfeited property listed in the published notice.

**1.     Nature and Extent of Interest in Forfeited Property:**

I am the 100% legal and equitable owner of the real property commonly known as 45365 Hopi Road, Indian Wells, California 92210, associated with Assessor Parcel Number (APN): 633-430-009 as assigned by the County of Riverside (hereinafter "the Real Property").

Defendant Min Jin Zhao ("Zhao") possesses no legal or equitable ownership in the Rel Property.

**2.     Time and Circumstances of Acquisition of Interest:**

I first met Zhao in 2008-2009. We officially became registered domestic partners on May 18, 2009 in San Francisco. He had access to all my financial, legal and medical accounts and claimed "partnership benefits" by virtue of our registration.

After he was indicted, I learned that he used my name to open several LLC's and opened bank accounts in the LLCs and also under my name. However, we never lived together until the onset of the pandemic.  I was working long and odd hours doing crisis work.  He engaged in his own endeavors from his own office and house in San Francisco, a residence his sister is currently renting to her family. Zhao traveled often and we would get together usually on weekends or to attend social events. We never discussed business. Any representations he made to third parties about his endeavors were believed by me to be true. He never gave me any reason to doubt him. That's how charming and devious he was.

He suggested I should invest my money in real estate. Thus, on May 11, 2009 I purchased the real property located at 18287 Old Country Road Anderson, CA 96007 (Shasta County) for $20,000.  On March 22, 2019, I sold it to Mary Ann Brewer for $41,000, and netted $40,801.20 from the sale.

On July 21, 2015 I purchased the real property located at 45749 Meadow Lake Drive Indio, California 92201 (Riverside County) for $547,000.   On January 21, 2021, I sold it to Jeffrey C. Farmer and/or Martha L. Farmer, Trustees of the Farmer Family Trust for $676,000, and netted $186,699.30 from the sale.

In late 2017 or early 2018, I learned that the Real Property was available for purchase as a HUD property in foreclosure. I determined it was within my range of affordability.  Zhao, who was a real estate broker and held himself out to me as very knowledgeable in finance (as to having a finance degree from Georgetown) offered to assist me in purchasing the property. Zhao convinced me that it was in my better interest to take out a loan to finance the purchase of the Real Property because it would have the ancillary effect of improving my credit score.

I therefore enlisted Zhao's expertise to purchase the Real Property, and gave Zhao access to my bank accounts. He loaned me $270,000, and I purchased the Real Property under my name for the sum of $337,516.21, including closing costs. Escrow closed on or about February 27, 2018, and the deed was recorded in my name as the

sole owner.

At the time of the purchase of the Real Property, I had been working for seventeen years for the Dept. of Public Health for the City and County of San Francisco as a crisis clinician. As noted above, I had also sold 2 real properties I had previously purchased. I gave him the sales proceeds to repay him for the loan on the Real Property. I am not sure where he deposited the proceeds, but believe the escrow closing documents would have that information.

I believe that Zhao asserted in his plea agreement the property was bought with illicit funds in order to obtain a lighter sentence. His admission that the subject property constitutes, or was derived from proceeds of the crimes to which he pleaded guilty and thus was forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), FRCrP 32.2 and 21 U.S.C. § 853 is untrue as to my 100% interest, because I paid him back most, if not all, of his $270,000 loan via legitimately obtained funds.

The title and all utilities and tax records for the Real Property were and continue to be in my name alone. This home is my sole residence.

**3.     Additional Facts Supporting Claim:**

My bank statements and other supporting documents will be provided as part of the discovery process.

At the time of these transactions, I had no knowledge of any fraud perpetrated by Zhao or that any monies he loaned to me were fraudulently obtained.  Based upon what I have learned since he was arrested, I now believe I too am a victim of his fraudulent activities.  I was never indicted or charged in connection with any criminal conduct or scheme in which Zhao was engaged.

**4.     Relief Sought:**

I hereby request that the Court enter an order and judgment clearing title in my name alone as the 100% legal and equitable owner of the Real Property (all with any necessary ancillary orders) and further make a finding of fact that Defendant Min Jin

Zhao possesses no legal or equitable ownership in the Real Property.

Alternatively, I would be willing to pay a money judgment for the amount of funds that Defendant Min Jin Zhao was found by the Court to have invested in the Real Property beyond those which I repaid him via legitimately obtained funds.

I respectfully request that this Petition be considered and that the Court grant the relief sought.

I swear under penalty of perjury that the information provided in this Petition is true and correct to the best of my knowledge. Executed on September 18, 2023 at Indian Wells, California.

KEITH NESBITT

Approved as to form.

Dated: September 18, 2023

Respectfully Submitted,

/s Keith H. Rutman
KEITH H. RUTMAN
Attorney for Third Party Petitioner
KEITH NESBITT
Email: krutman@krutmanlaw.com

4

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2023 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of California, using the electronic case filing (ECF) system of the Court, and thereby served it on all counsel of record in this case.

Dated:  September 18, 2023          s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Third Party Petitioner
KEITH NESBITT
Email:  krutman@krutmanlaw.com