UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ZHAO,<br><br>        Defendant. | Case No. 21-cr-00181-VC-1<br><br>**ORDER DENYING NESBITT'S ANCILLIARY PETITION** |

    Keith Nesbitt asserts that he has a superior interest in the real property that was preliminarily forfeited as part of the criminal conviction of his domestic partner, Min Zhao, for wire fraud. For the reasons outlined below, the petition is denied.

    In his plea agreement, Zhao agreed to forfeit his interest in the subject property and admitted that the subject property was obtained using proceeds of the crimes for which he pled guilty. Under 21 U.S.C. § 853(n), a third party asserting an interest in criminally forfeited property must file a petition setting "forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." To prevail, the petitioner must demonstrate, by a preponderance of the evidence, that they "possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place," or that they were "a bona fide purchaser for value." *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005); 21 U.S.C. § 853(n)(6).

    Here, Nesbitt filed a petition under section 853(n) asserting that he was the bona fide purchaser of the subject property. He alleges he bought the property with a $270,000 loan from

Zhao (in combination with money from the sale of two other properties he owned individually). Although Nesbitt concedes that the money for the alleged loan came from the proceeds of Zhao's fraud, he contends he was unaware of the fraud and that he paid back the loan with his own money. *See* Dkt. No. 114 at 11.

For two independent reasons, Nesbitt's petition must be dismissed. First, Nesbitt's claim that he received, and paid back, a loan from Zhao to purchase the subject property is not credible. This finding is based on both the objective evidence and the Court's overall assessment of Nesbitt's testimony at the hearing. Nesbitt admitted that there was no formal loan agreement and that he did not pay attention to his bank account or keep track of loan repayments. In addition to his testimony, Nesbitt submitted a handwritten document titled "payment history for the loan," which lists five payments supposedly made from Nesbitt to Zhao between December 2018 and July 2019. Nesbitt testified that he received the document from Zhao "shortly after he was arrested" and that the document was written by Zhao after Nesbitt expressed concern that there was no proof that he had paid back the loan. The last payment listed is a $100,000 cashier's check payment sent from Nesbitt to Zhao three days after Zhao was arrested.

While it is plausible that Nesbitt was unaware of Zhao's criminal conduct, his story about the alleged loan seems much more like a post-hoc attempt to protect the subject property from forfeiture. Nesbitt repeatedly testified that he was unsophisticated and inattentive with his finances, yet his testimony about the payment history document and the cashier's check payment do not align with that narrative. It seems incredible that a person who is generally unaware of his bank transactions and how his money is being spent would suddenly realize that he needed documentation of payments for an alleged loan immediately after his partner's arrest for fraud. And apart from the timing issue, the bank records do not support Nesbitt's claim that he repaid the alleged loan with his own money. *See* Gov't Ex. 11 and Ex. 16. The forensic accounting shows that at most roughly $187,000 could have gone from Nesbitt to Zhao between December 2018 and July 2019. *See* Gov't Ex. 11. At the same time, there were checks from Zhao to Nesbitt being deposited into Nesbitt's account, which further complicates Nesbitt's claim that he repaid

2

the loan using only his own funds.

Even if one were to credit Nesbitt's assertion that he purchased the subject property with a loan from Zhao that was paid back, Nesbitt has still not shown that he was a bona fide purchaser under section 853(n)(6). A bona fide purchaser is a person "who give[s] value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 852 (9th Cir. 2022). Nesbitt and Zhao were domestic partners at the time of the purported loan and, based on the accounting evidence, money appears to have freely moved back and forth between their respective bank accounts. There is also no evidence that Nesbitt provided anything of value to Zhao in return for the loan.

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
VINCE CHHABRIA
United States District Judge